UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **JEANNE LEMIRE** ) | CIVIL ACTION |
| Plaintiff ) | |
| ) | COMPLAINT |
| v. ) | |
| ) | |
| **HOUSTON FUNDING II, LTD** ) | |
| Defendant ) | MARCH 27, 2008 |
| ) | |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer who has been harassed and abused by Defendant collection agency. This action is for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### II. PARTIES

2. The plaintiff, Jeanne Lemire, is a natural person residing in Cromwell, Connecticut.

3. The defendant, Houston Funding II, LTD ("Houston"), is a Texas Limited Partnership and is engaged in the business of purchasing and collecting delinquent debts and does not act as a collector for third parties.

### III. JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, and 1337, and Fed. R. Civ. P. 18(a).

5. This Court has jurisdiction over Houston because it engages in debt collection within Connecticut.

6. Venue in this Court is proper, as the Plaintiff is a resident and the acts complained of occurred in this state.

## IV.  FACTUAL ALLEGATIONS

1. On or about October 30, 2007, Houston contacted Plaintiff's father in an attempt to collect a debt.

2. On October 30, 2007, Houston Funding sent a letter to Plaintiff in an attempt to collect the same debt.

3. The October 30th letter states, "[y]our account has been placed with Houston Funding II, Ltd. for collection."  The letter fails to identify the current creditor.

4. On that same day, October 30, 2007, Plaintiff's law firm called and faxed Houston to explain that Plaintiff was represented by counsel, that the plaintiff had been the victim of identity theft, and that this account did not belong to the plaintiff.  Plaintiff's law firm also requested verification of the debt at that time.

5. On November 11, 2007, Houston contacted Plaintiff's law firm.  Houston stated that it had determined who had committed the fraud of opening this account, that it was not the Plaintiff, and that Houston would attempt to collect from this perpetrator directly.

6. On January 13, 2008, Houston sent a letter directly to Plaintiff in a continued attempt to collect the debt, despite knowing, or having reason to know, that Plaintiff was represented by legal counsel.  Houston had not provided validation of the debt.

7. On January 23, 2008, Plaintiff's law firm contacted Houston to inquire about the January 13th letter.  Plaintiff's law firm reminded Houston that Plaintiff was represented by legal counsel and had requested verification in writing on October 30, 2007.

8. On March 6, 2008, Houston sent a letter to Plaintiff via Plaintiff's law firm in a continued attempt to collect the debt. Houston still had not provided validation of the debt.

9. Houston's March 6th letter threatened to report the debt to "major credit bureaus as a collection account further damaging your credit file."

10. Houston's March 6th letter also threatened to investigate Plaintiff's source of income, employment, and asset ownership.

## V.  CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

11. Paragraphs 1-10 are herein incorporated

12. Houston violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692d, 1692e, and 1692f, by continuing attempts to collect the debt after Houston admitted to knowing who had committed the fraud of opening this account, that it was not the Plaintiff, and stating that it would pursue said perpetrator directly.

13. Houston violated FDCPA § 1692e(8) by threatening to report to "major credit bureaus" information which was known, or should be known to be false.

14. Houston violated FDCPA § 1692c(a)(2), by contacting Plaintiff directly despite knowing, or having reason to know, that Plaintiff was represented by counsel.

15. Houston violated FDCPA § 1692d by threatening to engage in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff when threatening to investigate Plaintiff's source of income, employment, and asset ownership.

16. Houston violated FDCPA § 1692e by failing to properly identify itself as the current creditor.

17. Houston violated FDCPA § 1692g(b) by continuing collection attempts without validating the debt.

18. Houston violated FDCPA § 1692g(a)(2) by failing to name the creditor to whom the debt was owed.

19. For Houston's violations of the Fair Debt Collection Practices Act as described above, the Plaintiff is entitled to recover her actual damages (including emotional distress), statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

## SECOND CAUSE OF ACTION
**Violations of Creditor Collection Practices Act, Conn. Gen. Stat. § 36a-645 et seq**

20. Paragraphs 1-10 are herein incorporated

21. Houston violated the Creditor Collection Practices Act ("CCPA"), Conn. Gen. Stat. § 36a-645 and regulations promulgated thereunder by the Connecticut Department of Banking, as follows:

   a. Houston violated Conn. Agencies Reg. § 36a-647-5 and 6 by continuing attempts to collect the debt after Houston admitted to knowing who had committed the fraud of opening this account, that it was not the plaintiff, and stating that it would pursue said perpetrator directly.

   b. Houston violated Conn. Agencies Reg. § 36a-647-6(9) by threatening to report to "major credit bureaus" when it had no right to do so.

   c. Houston violated Conn. Agencies Reg. § 36a-647-4(a)(2) by contacting Plaintiff directly despite knowing that Plaintiff was represented by counsel.

   d. Houston violated Conn. Agencies Reg. § 36a-647-5 by threatening to engage in conduct the natural consequence of which was to harass or abuse the Plaintiff

4

5

      when threatening to investigate Plaintiff's source of income, employment, and asset ownership.

    e.  Houston violated Conn. Agencies Reg. § 36a-647-5(14) by refusing to make a reasonable effort to determine the validity of a debt the plaintiff disputed.

22. For Houston's unfair act, Plaintiff seeks her damages, statutory damages, and attorney's fees and costs pursuant to the Public Act No. 07-176.

WHEREFORE, the Plaintiffs seeks recovery of monetary damages pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to Connecticut Public Act No. 07-176; attorney's fees and costs pursuant to Connecticut Public Act No. 07-176; and such other relief as this Court deems appropriate.

PLAINTIFF, JEANNE LEMIRE

By: _____
Daniel S. Blinn, ct02188
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408  Fax. (860) 571-7457